# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 95-KA-00945 COA

**WOODIE C. LAMBERT**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                       **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 9/13/95 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KIM T. CHAZE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | DUNN O. LAMPTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTION OF TOUCHING AND HANDLING A CHILD FOR LUSTFUL PURPOSES. |
| DISPOSITION: | REVERSED AND REMANDED - 12/16/97 |

MOTION FOR REHEARING FILED: 1/7/1998/

CERTIORARI FILED:3/11/1998

MANDATE ISSUED:

BEFORE THOMAS, P.J., HERRING, AND HINKEBEIN, JJ.

HINKEBEIN, J., FOR THE COURT:

In September of 1995 Wooddie C. Lambert [hereinafter Lambert] was convicted in the Walthall County Circuit Court of touching and handling a child for lustful purposes. Lambert alleges that the circuit court committed the following reversible error at trial:

**I. IT WAS CLEAR ERROR TO ALLOW INTO EVIDENCE MATTERS OF "OTHER ACTS" IN VIOLATION OF THE MISSISSIPPI RULES OF EVIDENCE.**

**II. SINCE AN EXHIBIT, INDEED, THE KEY EXHIBIT, WAS LOST BEFORE THE JURY DELIBERATED HEREIN, IT DEPRIVED THE DEFENDANT OF SIGNIFICANT EVIDENCE, AND, THEREFORE, THE MATTER SHOULD BE REVERSED SO A NEW TRIAL CAN BE HELD.**

**III. DUE TO THE EXTENSIVE PRE-TRIAL PUBLICITY HEREIN A CHANGE OF VENUE SHOULD HAVE BEEN GRANTED.**

**IV. ESPECIALLY SINCE MOST OF THE CHARGES HAD PREVIOUSLY BEEN DISMISSED, THE MULTI-COUNT INDICTMENT HEREIN SHOULD HAVE BEEN QUASHED.**

**V. THE VERDICT HEREIN WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

**VI. THE LOWER COURT PREVENTED CROSS-EXAMINATION ON AN ESSENTIAL POINT OF WHICH THE JURY SHOULD HAVE BEEN INFORMED.**

**VII. THE SENTENCE HEREIN EXCEEDS THE MAXIMUM PUNISHMENT ALLOWED BY LAW, AND, THEREFORE IT IS INAPPROPRIATE AND SHOULD BE REVERSED.**

Because we hold Lambert's first assignment of error to be of merit, we must reverse his conviction and remand this case for a new trial.

## FACTS

In August of 1990 Lambert's teenage daughters invited several friends over to their father's trailer home for an overnight stay. During the course of this visit Lambert allegedly committed several acts of lustful touching/handling upon his daughter's friends. Regarding the victim at issue in this trial, M.D.[1] [hereinafter victim], while Lambert was working outside his trailer home he allegedly grabbed the victim and asked that she give him a kiss. The victim testified at trial that she kissed Lambert on his cheek, but that he was apparently not satisfied with this offering of physical affection. Lambert then allegedly forced the victim to kiss him on the mouth as he hugged her and placed his hands on her buttocks. According to the victim, after Lambert released her she promptly told her friends (including Lambert's daughters) about this alleged incident, but they refused to believe her. In order to prove that her story was truthful, the victim again approached Lambert while the other young girls watched from inside the trailer home. Once again Lambert allegedly grabbed the victim and kissed her on the mouth. On this occasion Lambert also allegedly put his hands up the victim's shirt and touched her breasts. To further gratify himself, Lambert allegedly put his hands inside the victim's pants. According to the victim Lambert ceased his activity as soon as his daughter opened the trailer home door and peered outside at him. Later that night Lambert, the victim, and one of his daughters were sleeping together in his waterbed. At one point the victim allegedly awoke and found Lambert holding her "real tight," with her shirt pulled up above her chest area and Lambert's hand on her buttocks.

## ANALYSIS

**I. IT WAS CLEAR ERROR TO ALLOW INTO EVIDENCE MATTERS OF "OTHER ACTS" IN VIOLATION OF THE MISSISSIPPI RULES OF EVIDENCE.**

Lambert argues that the circuit court committed reversible error in admitting evidence of his alleged prior acts of sexual misconduct with young girls other than the victim in this case. Lambert argues that regardless of whether such evidence may fit into one of the exceptions enumerated under Rule 404(b) of the Mississippi Rules of Civil Procedure, the undue prejudice caused to him by such evidence outweighs any probative value it may have. Lambert contends that the circuit court's admission of this prior acts evidence caused the jury to draw the improper inference that he had "committed other crimes and therefor [was] more likely to be guilty of the offense charged." The State responds by arguing that the alleged prior acts fit into the enumerated exceptions to the Rule 404(b) prohibition against inadmissible character evidence. The State's brief fails to respond to Lambert's contention that in *Mitchell v. State* the Mississippi Supreme Court "specifically held that it is absolutely, unequivocally inadmissible to allow into evidence alleged 'other acts' involving the [d] efendant and a person other than the alleged victim."

We agree with Lambert and hold our supreme court's opinion in *Mitchell v. State* to control our disposition of this case. In *Mitchell* the Mississippi Supreme Court rejected the State's argument that evidence of a defendant's prior sexual misbehavior with other children was admissible under Rule 404(b) to show "the system of criminal action and lustful disposition of [the defendant] toward children." *Mitchell*, **539 So. 2d 1366, 1372 (Miss. 1989).** The court noted that Mississippi cases admitting evidence of a defendant's prior sexual activity admitted only those prior acts "of the defendant toward that particular victim." *Mitchell*, **539 So. 2d at 1372.** The *Mitchell* court then held that to allow "testimony that shows a defendant's character of lustful behavior toward children in general, not just [toward the victim at issue]," would "not be consistent with the purpose of M.R.E. 404(b)." *Id.* The court concluded that under Rule 404(b) "evidence of other sexual relations [should be limited] to those between the defendant and the particular victim [at issue]." *Id.* The court explained that to admit evidence of a defendant's prior acts involving victims other than the one for whom he was on trial would be "[in]consistent with the notion that a defendant is on trial for a specific crime and not for generally being a bad person." *Id.*

Accordingly, it is this Court's understanding that *Mitchell* requires an identity of victims when admitting evidence of prior sexual abuse under Rule 404(b), i.e., the prior bad act sought to be admitted must have been committed by the defendant upon the same victim as he is currently on trial for having allegedly harmed. *See Allman v. State,* **571 So. 2d 244, 248 (Miss. 1990)** (citing *Mitchell* for admissibility of prior incidents of sexual molestation "committed by [the defendant] upon the same person, only at different times"). Under the *Mitchell* holding if the evidence sought to be admitted consists of prior acts committed upon persons other than the victim in the instant case, the prior acts evidence is not admissible even if it otherwise fits into one of the exceptions enumerated under Rule 404(b). Therefore, in accordance with the rule announced by our supreme court in *Mitchell*, we must hold that the circuit court committed reversible error in admitting evidence of Lambert's alleged prior sexual acts with children other than the victim in this case.

Regarding Lambert's claim that his motion for a change of venue was erroneously denied and that the indictment under which he was tried was invalid, we feel compelled to note that these allegations are without merit. Accordingly, questions of venue and the validity of the indictment at bar should pose

no impediment to Lambert's re-trial for the lustful touching and handling of the victim.

**THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR NEW TRIAL. COSTS OF THIS APPEAL ARE ASSESSED AGAINST WALTHALL COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, AND SOUTHWICK, JJ., CONCUR. PAYNE, J., NOT PARTICIPATING.**

1. We have elected to use the child's initials rather than her full name -- for obvious reasons.